UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LUCAS SIROIS,<br>DAVID BURGESS,<br>BRADLEY SCOVIL,<br>DERRICK DOUCETTE,<br>ALISA SIROIS,<br>ROBERT SIROIS,<br>BRANDON DAGNESE,<br>RYAN NEZOL,<br>KENNETH ALLEN,<br>JAMES MCLAMB,<br>KEVIN LEMAY, and<br>KAYLA ALVES | Docket No. 1:21-MJ-00271-JCN<br><br>21 U.S.C. §§ 846, 841(a)(1);<br>18 U.S.C. § 1956(h);<br>18 U.S.C. § 1349;<br>18 U.S.C. § 1344;<br>18 U.S.C. §§ 1512(c)(1); 1512(c)(2)<br>26 U.S.C. §§ 7201; 7206(2)<br><br>**FILED UNDER SEAL** |

**CRIMINAL COMPLAINT**

1. I, James Hendry, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**COUNT ONE**
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

2. From at least about 2016 and continuing through at least about July 21, 2020, within the District of Maine, and elsewhere, **LUCAS SIROIS, DAVID BURGESS, BRADLEY SCOVIL, DERRICK DOUCETTE, ALISA SIROIS, ROBERT SIROIS, BRANDON DAGNESE,** and **RYAN NEZOL,** the defendants, knowingly and intentionally conspired with others, both known and unknown, to distribute and possess with intent to distribute controlled

1

substances, namely a mixture or substance containing a detectable amount of marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

(Title 21, United States Code, Section 846.)

## COUNT TWO
**(Conspiracy to Commit Money Laundering)**

3. From at least about 2016 and continuing through at least on about July 21, 2020, within the District of Maine, and elsewhere, **LUCAS SIROIS, DAVID BURGESS,** and **ALISA SIROIS,** the defendants, and others known and unknown, knowingly did combine, conspire, confederate and agree together and with each other to violate the money laundering laws of the United States.

4. It was a part and object of the conspiracy that **LUCAS SIROIS, DAVID BURGESS,** and **ALISA SIROIS**, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000 that was derived from specified unlawful activity, to wit, the proceeds of the sale and distribution of a controlled substance, in violation of Title 18, United States Code, Section 1957(a).

5. It was further a part and object of the conspiracy that **LUCAS SIROIS, DAVID BURGESS** and **ALISA SIROIS**, the defendants, and others known and unknown, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction which in fact involved the proceeds of a specified lawful activity as defined in 18 U.S.C. § 1956(c)(7), to wit, the proceeds of the sale and distribution of a controlled substance, in violation

of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Section 1956(h).)

## COUNT THREE
**(Conspiracy to Commit Honest Services Fraud)**

6. From at least about March 2018 and continuing through at least on about July 21, 2020, within the District of Maine, and elsewhere, **LUCAS SIROIS** and **DAVID BURGESS,** the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United Sates Code, Sections 1343 and 1346.

7. It was a part and object of the conspiracy that **LUCAS SIROIS** and **DAVID BURGESS**, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the state of Maine, its taxpayers, and the town of Rangeley, of their intangible right to **BURGESS's** honest services as a Selectman of the town of Rangeley, would and did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, while serving on the Rangeley Board of Selectmen, **BURGESS** would and did take official action in exchange for payment from **SIROIS**.

(Title 18, United States Code, Section 1349.)

## COUNT FOUR
**(Conspiracy to Commit Honest Services Fraud)**

8. From at least about June 2019 and continuing through at least on about July 21, 2020, within the District of Maine, and elsewhere, **LUCAS SIROIS, BRADLEY SCOVIL, DERRICK DOUCETTE,** and **JAMES MCLAMB** the defendants, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Title 18, United Sates Code, Sections 1343 and 1346.

9. It was a part and object of the conspiracy that **LUCAS SIROIS, BRADLEY SCOVIL, DERRICK DOUCETTE,** and **JAMES MCLAMB**, the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to deprive the state of Maine, its taxpayers, and the Oxford and Franklin County Sheriff's Departments of their intangible right to the honest services of Franklin Country Sheriff's Deputies **SCOVIL** and **DOUCETTE**, and Oxford County Sheriff's Deputy **MCLAMB**, would and did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Sections 1343 and 1346, to wit, while serving as Franklin County Sheriff's Deputies, **SCOVIL** and **DOUCETTE** provided law enforcement confidential information to **SIROIS** in exchange for the promise of partial ownership of a subsidiary of **SIROIS's** marijuana business, among other things of value; **MCLAMB** provided law enforcement confidential information to **SCOVIL** and **DOUCETTE** for their benefit and for the benefit of **SIROIS**, in

4

exchange for the promise of employment in **SIROIS**'s marijuana business, among other things of value.

(Title 18, United States Code, Section 1349.)

## COUNT FIVE
**(Bank Fraud)**

10. From at least on about January 10, 2019 within the District of Maine, and elsewhere, **LUCAS SIROIS** and **ALISA SIROIS**, the defendants, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the National Credit Union Administration, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the defendants each falsely warranted on account opening documents of an account they held at a financial institution that "no portion of any proceeds deposited to any account I maintain in any capacity … will be derived directly or indirectly from any Marijuana-Related Business[,]" when the defendants intended to, and in fact did, fund the account with proceeds of marijuana sales.

(Title 18, United States Code, Section 1344.)

## COUNT SIX
**(Bank Fraud)**

11. From at least on about September 11, 2019 within the District of Maine, and elsewhere, **LUCAS SIROIS, BRADLEY SCOVIL,** and **DERRICK DOUCETTE**, the defendants, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the National Credit

Union Administration, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the defendants each falsely warranted on account opening documents of an account they held at a financial institution that "no portion of any proceeds deposited to any account I maintain in any capacity … will be derived directly or indirectly from any Marijuana-Related Business[,]" when the defendants intended to, and in fact did, fund the account with proceeds of marijuana sales.

(Title 18, United States Code, Section 1344.)

## COUNT SEVEN
### (Bank Fraud)

12. From at least on about October 16, 2019, within the District of Maine, and elsewhere, **DAVID BURGESS**, the defendant, willfully and knowingly, did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the National Credit Union Administration, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, to wit, the defendant falsely warranted on account opening documents of an account held by **BURGESS** and **SIROIS** at a financial institution that "no portion of any proceeds deposited to any account I maintain in any capacity … will be derived directly or indirectly from any Marijuana-Related Business[,]" when the defendant intended to, and in fact did, fund the account with proceeds of marijuana sales.

(Title 18, United States Code, Section 1344.)

## COUNT EIGHT
**(Tampering with Proceedings)**

13. On about July 8, 2020, within the District of Maine, and elsewhere, **KAYLA ALVES**, the defendant, did corruptly attempt to obstruct, influence, and impede a federal criminal grand jury investigation, an official proceeding, by informing targets of the criminal investigation of its existence, in violation of Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Section 1512(c)(2).)

## COUNT NINE
**(Tampering with Documents)**

14. On about July 21, 2020, within the District of Maine, and elsewhere, **KAYLA ALVES**, the defendant, did corruptly alter, destroy, mutilate, and conceal electronic messages between herself and **BRADLEY SCOVIL**, the defendant, with the intent to impair their integrity and availability for use in a federal criminal grand jury investigation, an official proceeding, in violation of Title 18, United States Code, Section 1512(c)(1).

(Title 18, United States Code, Section 1512(c)(1).)

## COUNT TEN
**(Tampering with Documents)**

15. On about July 21, 2020, within the District of Maine, and elsewhere, **KEVIN LEMAY**, the defendant, did corruptly alter, destroy, mutilate, and conceal electronic messages between himself and **BRADLEY SCOVIL** and **DERRICK DOUCETTE**, the defendants, with the intent to impair their integrity and availability for use in an official proceeding, the instant prosecution, in violation of Title 18, United States Code, Section 1512(c)(1).

(Title 18, United States Code, Section 1512(c)(1).)

## COUNT ELEVEN
**(Tampering with Documents)**

16.   On about July 21, 2020, within the District of Maine, and elsewhere, **JAMES MCLAMB**, the defendant, did corruptly alter, destroy, mutilate, and conceal electronic messages between himself and **DERRICK DOUCETTE**, the defendant, with the intent to impair their integrity and availability for use in an official proceeding, the instant prosecution, in violation of Title 18, United States Code, Section 1512(c)(1).

(Title 18, United States Code, Section 1512(c)(1).)

## COUNT TWELVE
**(Conspiracy to Defraud the United States and Impede and Impair I.R.S.)**

17.   From at least about March 2019 through at least about July 2019, within the District of Maine, and elsewhere, **LUCAS SIROIS**, **DAVID BURGESS** and **KENNETH ALLEN**, the defendants, did unlawfully, voluntarily, intentionally, and knowingly conspire, combine, confederate, and agree together and with each other and with others known and unknown, to commit offenses against the United States: to wit, to violate Title 26, United States Code, Sections 7201 and 7206(2).

18.   The manner and means by which the conspiracy was sought to be accomplished included, among others, the following: **SIROIS, BURGESS** and **ALLEN** agreed to create a series of false business expenditures designed to shift income from profitable Schedule C businesses and S Corporations to largely unprofitable corporations, and in so doing, eliminate or substantially reduce the tax burden of **SIROIS** for years 2017 and 2018.

### Overt Acts

19. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts were committed in the District of Maine and elsewhere:

20. On about May 19, 2019, **ALLEN** sent an email to **SIROIS** and **BURGESS** detailing five types of fraudulent transactions that **SIROIS** and **BURGESS** should fabricate for tax year 2017 that would eliminate **SIROIS's** tax liability for that year.

21. On about July 9, 2019, **ALLEN** filed a fraudulent amended tax return for SIROIS for tax year 2017.

(Title 18, United States Code, Section 371)

### COUNT THIRTEEN
### (Tax Evasion)

22. From at least about March 2019 through at least about July 2019, within the District of Maine, and elsewhere, **LUCAS SIROIS**, the defendant, a resident of Farmington, Maine, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar years 2017 and 2018, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Amended U.S. Individual Income Tax Return, Form 1040, for tax year 2017, and a false and fraudulent U.S. Individual Income Tax Return, Form 1040, for tax year 2018, which were submitted to the Internal Revenue Service. On his tax returns, **SIROIS** reported and caused to be reported that (a) his income for the calendar year 2017 was $112,801, and the amount due and owing was $17,131; and (b) his income for the calendar year 2018 was $87,799 and the amount due and owning was $8,195. In fact, as SIROIS knew, his taxable income for the calendar years 2017 and 2018 were greater than the amount reported on the tax returns, and as a result of such

additional taxable income, there was additional tax due and owing to the United States of America.

(Title 26, United States Code, Section 7201.)

## COUNT FOURTEEN
**(Tax Fraud)**

23. From at least about March 2019 through at least about July 2019, within the District of Maine, and elsewhere, **KENNETH ALLEN**, the defendant, a resident of Farmington, Maine, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of (a) an Amended U.S. Individual Income Tax Return, Form 1040, for tax year 2017, and (b) a U.S. Individual Income Tax Return, Form 1040, for tax year 2018 of **LUCAS SIROIS**. The returns were false and fraudulent as to a material matter, in that the returns falsely underrepresented **LUCAS SIROIS**'s income as $112,801 for tax year 2017 and $87,799 for tax year 2018, whereas, as ALLEN then and there knew, SIROIS's true income for tax year 2017 was approximately $712,784, and his true income for tax year 2018 was approximately $674,266.

(Title 26, United States Code, Section 7206(2).)

This Complaint is based on those facts which are set forth in my affidavit of October 20, 2021, which is attached hereto and incorporated herein by reference.

_____
James Hendry
Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Oct 20, 2021,

City and state: Bangor, ME

_____
Judge's signature

John C Nivison U.S. Magistrate Judge
Printed name and title